UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF OHIO

EASTERN DIVISION

ANDREW MARK SMIGELSKI,

    Plaintiff,

v.

FEDERAL BUREAU OF INVESTIGATION, et al.,

    Defendants.

Case No. _____

EMERGENCY MOTION

FOR

PRESERVATION ORDER

AND

LITIGATION HOLD

# EMERGENCY MOTION FOR IMMEDIATE PRESERVATION OF EVIDENCE

1. Plaintiff hereby moves this Court for an emergency order directing Defendants to immediately preserve all evidence related to mail surveillance conducted on Plaintiff between January 1, 2025 and present.

2. **CRITICAL TIME-SENSITIVE EVIDENCE AT RISK:** USPS tracking database contains an April 1, 2025 entry for package 9405508105462933511036 that was not created until June 11, 2025. This impossible entry proves manual database manipulation and could be "corrected" at any moment to destroy evidence of wrongdoing.

## EVIDENCE REQUIRING IMMEDIATE PRESERVATION

3. Defendants must immediately preserve without alteration, deletion, or modification:

- **ALL USPS TRACKING DATABASE RECORDS** for packages:
    - 9434608105462960736029 (including all versions/backups)
    - 9405508105462933511036 (especially April 1, 2025 entry)
    - 9200190279541002216978 (including DC headquarters routing)
- **DATABASE AUDIT LOGS** showing who accessed, modified, or created entries
- **MAIL COVERS PROGRAM RECORDS** for Plaintiff's name and addresses
- **MICT (Mail Isolation Control & Tracking) IMAGES** of all Plaintiff's mail
- **ALL COMMUNICATIONS** between FBI and USPS regarding Plaintiff
- **HEADQUARTERS ROUTING LOGS** explaining why packages went to DC 20260
- **COLUMBUS, OH FACILITY RECORDS** for June-August 2025
- **ALL EMAILS, MEMOS, DIRECTIVES** mentioning:
    - "Smigelski"
    - "1015 Bryan Road"
    - "Sugar Grove, Ohio 43155"
    - The three tracking numbers above
- **SECURITY CAMERA FOOTAGE** from facilities handling these packages
- **EMPLOYEE ACCESS LOGS** showing who handled packages

**SPOLIATION WARNING**

4. **DEFENDANTS ARE HEREBY WARNED** that any destruction, alteration, or modification of the above evidence will result in:

- Adverse inference instructions to jury
- Default judgment under Fed. R. Civ. P. 37
- Monetary sanctions
- Criminal referral for obstruction of justice (18 U.S.C. § 1519)
- Personal liability for employees who destroy evidence

## LEGAL STANDARD

5. "The obligation to preserve evidence arises when the party has notice that the evidence is relevant to litigation or when a party should have known that the evidence may be relevant to future litigation." *Fujitsu Ltd. v. Federal Express Corp.*, 247 F.3d 423, 436 (2d Cir. 2001).

6. Defendants have been on notice since filing of this Complaint that all mail surveillance records are relevant and must be preserved.

7. The April 1, 2025 database entry is **SMOKING GUN EVIDENCE** that could be deleted with a single keystroke. This Court must act immediately to preserve it.

## MANDATORY DISCLOSURES REQUIRED

8. Within 48 hours, Defendants must disclose:

- Names and contact information for all IT personnel with database access
- Current location of all backup systems containing tracking data
- Retention policies for USPS tracking databases
- Whether any "corrections" to tracking data have been made since June 2025

- Identity of all persons who accessed the three tracking numbers

## CERTIFICATION REQUIRED

9. Within 5 business days, Defendants must file sworn declarations from:

- USPS Chief Information Officer certifying preservation
- FBI Records Management certifying preservation
- Columbus facility manager certifying local preservation
- Database administrator confirming April 1 entry is preserved

## EMERGENCY RELIEF JUSTIFIED

10. Emergency relief is necessary because:

- Evidence can be deleted instantly
- Defendants have motive to destroy embarrassing evidence
- April 1 impossible date proves intentional falsification
- Standard retention policies may result in automatic deletion
- Defendants have already engaged in deceptive conduct

11. **TIME IS OF THE ESSENCE.** Every day that passes without preservation order risks permanent loss of critical evidence.

**WHEREFORE, PLAINTIFF RESPECTFULLY REQUESTS THIS COURT:**

- A. Enter immediate preservation order within 24 hours
- B. Require certification of compliance within 5 days
- C. Appoint special master if necessary to oversee preservation

- D. Award costs and fees for bringing this motion

- E. Grant such other relief as justice requires

Respectfully submitted,

Andrew Mark Smigelski

Pro Se Plaintiff

Date: November 17, 2025

## CERTIFICATE OF EXIGENT CIRCUMSTANCES

I, Andrew Mark Smigelski, hereby certify under penalty of perjury that exigent circumstances exist requiring emergency relief because:

- The April 1, 2025 database entry could be deleted at any moment
- This entry is conclusive proof of database manipulation
- Without immediate preservation, Defendants could claim it was a "glitch" that was "corrected"
- Standard retention policies may automatically purge older tracking data
- Defendants have demonstrated willingness to engage in deceptive conduct

_____
Andrew Mark Smigelski

Date: November 12, 2025