**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**ANDREW SMIGELSKI,**

        **Plaintiff,**

                                  **Case No. 2:25-cv-1338**
    **v.**                                  **Judge Edmund A. Sargus**
                                       **Magistrate Judge Kimberly A. Jolson**

**FBI, et al.,**

        **Defendants.**

## <u>SHOW CAUSE ORDER</u>

This matter is before the Court on several motions including Plaintiff Andrew Smigelski's Motion for Leave to Proceed *in forma pauperis* (Doc. 1), two Motions by a Pro Se Litigant to Obtain Electronic Filing Rights (Docs. 2, 3), and a Motion for Immediate Preservation of Evidence (Doc. 4).  The Court consider each, but ultimately requires action from Plaintiff.

**I.**    **Motion for Leave to Proceed *In Forma Pauperis***

Beginning with his Motion for Leave to Proceed *in forma pauperis*, the Court **GRANTS** Plaintiff's Motion (Doc 1).  All judicial officers who render services in this action shall do so as if the costs have been prepaid.  28 U.S.C. § 1915(a).

Generally, the next in the process would be an initial screen of Plaintiff's Complaint under 28 U.S.C. § 1915(e)(2).  However, this is the second case Plaintiff has filed against the Federal Bureau of Investigation ("FBI") in almost as many months.  *See* Case No. 2:25-cv-1013.  Though the action at bar includes additional claims and Defendants compared to his first case, the issues appear to overlap substantially.  (*Compare id.* at Doc. 11 (Plaintiff's motion for an injunction related to the FBI's alleged interference with his mail in retaliation for his FOIA requests) *with* Doc. 1 (Complaint alleging the FBI surveilled and interfered with Plaintiff's mail in retaliation for his FOIA requests)).

Additionally, the allegations in Plaintiff's Complaint are fanciful to say the least. Specifically, Plaintiff claims that based on alleged irregularities with his incoming mail, the FBI and United States Postal Service ("USPS") are engaged in a retaliatory conspiracy against him. (Doc. 1-1 (alleging the FBI and USPS intercepted and surveilled Plaintiff's mail) (asserting claims under the First, Fourth, and Fifth Amendments to the United States Constitution; 42 U.S.C. § 1985; and the Federal Tort Claims Act)). At first blush, these allegations appear totally implausible and frivolous. And the Sixth Circuit is clear that courts are empowered to "*sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999) (citation omitted).

All that said, Plaintiff is **ORDERED** to **SHOW CAUSE within ten (10) days** why his Complaint should not be dismissed as totally implausible and frivolous under *Apple*. Additionally, Plaintiff is **ORDERED** to **SHOW CAUSE** by that same date why this case, providing its survival, should not be consolidated with Case No. 2:25-cv-1013.

## II.     Motions for Electronic Filing

Next, Plaintiff filed two motions related to electronic filing by a *pro se* plaintiff. (Docs. 2, 3). The "grant of electronic filing privileges is a privilege granted to pro se litigants in the discretion of this Court." *Needham v. Butler Cty. Jail*, No. 1:19-cv-294, 2019 WL 5883643, at *2 (S.D. Ohio Nov. 12, 2019). The Court **GRANTS** the Motions. However, Plaintiff is **WARNED** that the Court may revoke this permission at any time should Plaintiff not conform filings to the Federal and Local Rules. Plaintiff may register for e-filing through PACER: https://www.ohsd.uscourts.gov/sites/ohsd/files//E-File%20Registration%20-%20Pro%20Se.pdf.

### III.    Motion for Preservation of Evidence

Finally, Plaintiff filed a Motion for the Immediate Preservation of Evidence.  (Doc. 4).  In it, he asks the Court "for an emergency order directing Defendants to immediately preserve all evidence related to mail surveillance conducted on Plaintiff."  (*Id.*).  Generally, "preservation orders are unnecessary because parties to civil litigation have 'a duty to preserve relevant information, including ESI[.]'"  *Swetlic Chiropractic & Rehab. Ctr., Inc. v. Foot Levelers, Inc.*, No. 2:16-CV-236, 2016 WL 1657922, at *2 (S.D. Ohio Apr. 27, 2016) (citing *John B. v. Goetz*, 531 F.3d 448, 459 (6th Cir. 2008)).  Courts issue them in very limited circumstances only.  *Id.* This Court has noted that "preservation orders 'must be premised on a demonstration that a real danger of evidence destruction exists, a lack of any other available remedy, and a showing that the preservation order is an appropriate exercise of the court's discretion.'"  *Id.* (citing *John B.*, 531 F.3d at 459).

Here, Plaintiff has not demonstrated that there is a real danger of evidence destruction beyond his conclusory suspicions.  (Doc. 4 (repeating allegations found in the Complaint concerning "database manipulation")).  Nor has Plaintiff addressed any of the other considerations. In other words, Defendants' general duty under the Federal Rules and related caselaw to preserve relevant information should suffice here.  Accordingly, Plaintiff's request (Doc. 4) is **DENIED without prejudice**.


IT IS SO ORDERED.


Date: December 4, 2025                    /s/ Kimberly A. Jolson
                                          KIMBERLY A. JOLSON
                                          UNITED STATES MAGISTRATE JUDGE


3