IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

ANDREW SMIGELSKI,

        Plaintiff,

   v.

FBI, et al.,

        Defendants.

Case No. 2:25-cv-1338
Judge Edmund A. Sargus
Magistrate Judge Kimberly A. Jolson

## REPORT AND RECOMMENDATION

The matter before the Court is an initial screen of Plaintiff Andrew Smigelski's *pro se* Complaint under 28 U.S.C. § 1915(e)(2). For the following reasons, the Undersigned **RECOMMENDS** that Plaintiff's Complaint (Doc. 7) be **DISMISSED**.

**I.    BACKGROUND**

Plaintiff's Complaint paints a picture of a grand conspiracy, with him at the center. Plaintiff brings this case against the United States Postal Service ("USPS"), the Federal Bureau of Investigation ("FBI"), the United States of America, and John Doe federal agents and USPS personnel. (Doc. 7 at 2–3). According to the Complaint, Plaintiff filed a Freedom of Information Act ("FOIA") request with the FBI "seeking records about himself." (*Id.* at 3). When the FBI informed him in June 2025 that it was unable to identify any relevant records, Plaintiff filed a lawsuit in this Court, Case No. 2:25-cv-1013. (*Id.*). This action is about "retaliation" Plaintiff says he subsequently experienced. (*Id.*).

Plaintiff asserts that within days of his FOIA request, the FBI engaged in mail surveillance and package interreference. (*Id.*). More specifically, Plaintiff says that the USPS online tracking information for a package he ordered on June 11 displayed a tracking entry of April 1. (*Id.* at 4, 16). Because the entry predated his purchase date, Plaintiff vehemently believes that someone with USPS

database access manually created the entry "to create pretextual justification for intercepting Plaintiff's mail." (*Id.* at 4). Plaintiff also asserts that other packages were shipped via indirect routes, held at USPS facilities, or mis-shipped, adding fuel to his surveillance theory. (*Id.* at 4–6, 18). He further alleges that USPS told him they intended to confiscate a package containing a smartphone, though Plaintiff received the package in the end. (*Id.* at 4–5).

Plaintiff brings claims for violations of his First, Fourth, and Fifth Amendment rights, as well as claims under 42 U.S.C. § 1985 and the Federal Tort Claims Act. (*Id.* at 6–9). He seeks declaratory relief, injunctive relief, and compensatory and punitive damages. (*Id.* at 9–10).

The Court previously observed that Plaintiff's allegations are "fanciful to say the least." (Doc. 6 at 2). The Court allowed Plaintiff the chance to explain why his claims should not be dismissed as frivolous. (*Id.* (also ordering Plaintiff to show cause why this case should not be consolidated with his other pending case against the FBI)). Plaintiff filed his response and a supplemental notice entitled "The Southern District of Ohio's Pattern of Failing to Investigate Child Sexual Abuse." (Docs. 8, 9). Consequently, the Undersigned can now conduct an initial screen of the Complaint.

**II.  STANDARD**

Because Plaintiff is proceeding *in forma pauperis*, the Court must dismiss the Complaint, or any portion of it, that is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Complaints by *pro se* litigants are to be construed liberally and held to less stringent standards than those prepared by attorneys. *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004). But this leniency is not boundless, and "it is not within the purview of the district court to conjure up claims never presented." *Frengler v. Gen. Motors*, 482 F. App'x 975, 977 (6th Cir. 2012). At

2

bottom, "basic pleading essentials" are still required, regardless of whether an individual proceeds *pro se*. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).

These essentials are not onerous or overly burdensome. A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," *see* Fed. R. Civ. P. 8(a)(2), and provide the defendant with "fair notice of what the . . . claim is and the grounds upon which it rests," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation omitted). In reviewing Plaintiff's Complaint at this stage, the Court must construe it in his favor, accept all well-pleaded factual allegations as true, and evaluate whether it contains "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). Although this standard does not require "detailed factual allegations, . . . [a] pleading that offers labels and conclusions" is insufficient. *Id.* at 678 (internal quotation and quotation marks removed). In the end, the Court must dismiss the Complaint "if it tenders naked assertions devoid of further factual enhancement." *Id.* (internal quotation and quotation marks omitted).

Courts also "understand § 1915(e)(2) to include screening for lack of subject matter jurisdiction." *Howard v. Good Samaritan Hosp.*, No. 1:21-cv-160, 2022 WL 92462, at *2 (S.D. Ohio Jan. 10, 2022). Indeed, courts are obligated to consider whether they have subject matter jurisdiction and may raise jurisdictional issues *sua sponte*. *Klepsky v. United Parcel Serv., Inc.*, 489 F.3d 264, 268 (6th Cir. 2007). Additionally, the Sixth Circuit is clear that courts are empowered to "*sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are

totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999) (citation omitted). If a court finds that it lacks subject matter jurisdiction, it must dismiss the case. Fed. R. Civ. P. 12(h)(3).

### III. DISCUSSION

Quite simply, Plaintiff's claims as pled are frivolous. Plaintiff premises his claims on several allegations he says are connected: a FOIA request, USPS tracking notifications, and shipping anomalies. (*See generally* Doc. 6; *see also* Doc. 8). But the connection between these events is too attenuated to state a claim. Despite assuring the Court that they are linked (*see* Doc. 8), Plaintiff provides very little factual support beyond his own conclusory allegations. For example, he has alleged no facts which allow the Undersigned to reasonably infer there is any connection between his FOIA request and his experiences with USPS. He has alleged no facts which allow the Undersigned to reasonably infer that the FBI or USPS engaged in surveillance. And even allowing that there were some irregularities in receiving his packages, he has alleged no facts which allow the Undersigned to reasonably infer that the treatment of his packages was unlawfully nefarious. Without a reasonable basis for any of this, Plaintiff's claims fall apart. The Undersigned cannot rely only on Plaintiff's conspiracy-tinged suspicions.

In short, this is the type of case which this Court is empowered to dismiss as "totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple*, 183 F.3d at 479. And even if, as Plaintiff argues (Doc. 8), *Apple* does not apply here, the Court is empowered to dismiss frivolous claims under 28 U.S.C. § 1915(e)(2). Accordingly, the Undersigned **RECOMMENDS** that Plaintiff's Complaint be **DISMISSED**.

IV.     **CONCLUSION**

For the foregoing reasons, the Undersigned **RECOMMENDS** that Plaintiff's Complaint (Doc. 7) be **DISMISSED**.

Date: January 15, 2026         /s/ Kimberly A. Jolson
                                                KIMBERLY A. JOLSON
                                                UNITED STATES MAGISTRATE JUDGE

**PROCEDURE ON OBJECTIONS**

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *See, e.g., Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to the magistrate judge's report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to

specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted).